Concurring opinion issued November 7, 2002



















In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-01-00911-CR
____________
 
GREGORY THOMPSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 803271
 

 
 
OPINION CONCURRING IN
THE DENIAL OF EN BANC CONSIDERATION

          I concur in the denial of en banc consideration and write separately to respond
to the dissenting opinion. The error in this case amounted to a violation of the rule
of law, and the panel objectively followed the rule of law in reaching its decision. 
The panel opinion follows well-established precedent of the United States Supreme
Court and Texas Court of Criminal Appeals, and the majority of this Court
responsibly rejected en banc consideration.En Banc Standard
          Appellate court panels are essentially three judge courts, and that is why en
banc consideration is disfavored:
En banc consideration disfavored. En banc consideration of a case is
not favored and should not be ordered unless necessary to secure or
maintain uniformity of a court’s decisions or unless extraordinary
circumstances require en banc consideration.
 
Tex. R. App P. 41.2(c).
          The standard for en banc consideration is not whether a majority of the en banc
court may disagree with all or a part of a panel opinion. Neither is an assertion that
an issue is “important” sufficient. Rather, when there is no conflict among panel
decisions, the existence of “extraordinary circumstances” is required before en banc
consideration may be ordered. Id. Here, en banc consideration is not “necessary” to
maintain uniformity with prior First Court of Appeals decisions. Moreover, the
panel’s limited holding regarding the State’s uniquely egregious argument does not
amount to an “extraordinary circumstance” which “requires” en banc consideration.Incurable Error
          The dissenting opinion contends that the panel erroneously holds that the trial
court erred in denying appellant’s motion for mistrial after the State argued:
Ladies and gentlemen, there’s something important that I cannot tell you
about concerning why you should not give [appellant] anything less than
ten years. There’s a very important reason but legally I’m not allowed
to tell you what it is but it is very important. Trust me on this. If you
give [appellant] less than ten years, you will find out later what’s going
to happen.
          If the prejudice arising from an improper argument is incurable, a mistrial is
appropriate and a request for a mistrial will preserve error on appeal. McGinn v.
State, 961 S.W.2d 161, 165 (Tex. Crim. App. 1998); Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996). Harm arising from improper jury argument is
incurable if the argument (1) is extreme, improper, injects new and harmful facts into
the case, or violates a mandatory statutory provision and (2) as a result, is so
inflammatory that its prejudicial effect cannot reasonably be cured by an instruction
to disregard. Long v. State, 823 S.W.2d 259, 267 (Tex. Crim. App. 1991); Logan v.
State, 698 S.W.2d 680, 682 (Tex. Crim. App. 1985).
          The panel concludes that an instruction from the trial court to the jury to
disregard the State’s improper argument would have had no curative effect. As noted
in the panel opinion, the argument injected “new and harmful” facts into the
proceeding by asking the jury to consider, outside the evidence presented, “something
important that I cannot tell you about.” The State’s remarks were also “extreme and
improper” in that the State urged the jury to consider matters outside of the trial
record while simultaneously acknowledging that to do so was prohibited by law.
          The State essentially asked the jury to disregard the rule of law and “[t]rust me
on this.” The very nature of this argument precluded a curative instruction. The
improper argument made it especially difficult for the jurors to properly apply the law
to the facts in order to determine a just punishment because the State essentially urged
them not to do so. If the jury were to disregard the rule of law and “trust” the State,
how can one presume that the jury would have followed any conceivable instruction
to disregard? Although the law in this area is well-settled, the dissenting opinion
offers its own instruction to “totally” disregard the State’s improper argument, which
it contends could have cured any possible harm. Appellate courts should not act in
such an advisory capacity. 
          Moreover, none of the cases the dissenting opinion relies on to support its
argument are on point. The Court of Criminal Appeals in Logan noted that other,
harmless inferences could have been drawn from the State’s objectionable argument. 
Id. at 683. The dissenting opinion’s reliance on the “Adolf Hitler analogy” is also
misplaced. See Long, 823 S.W.2d at 267 n. 9. Without quoting the improper
argument, the Court of Criminal Appeals, in a footnote, stated that, while it believed
an instruction to disregard the prosecutor’s reference would have cured any error, it
was hesitant to conclude the remark was improper “in light of this record” and the
defense counsel’s argument. Id.
          Further, the dissenting opinion’s reliance on the “death warrants” argument is
misplaced as well. See Ganesan v. State, 45 S.W.3d 197, 203 (Tex. App.—Austin
2001, pet. ref’d). In this solicitation of murder case, the Austin Court noted that the
prosecutors exceeded the scope of proper jury argument by telling the jurors that they
would be condemning two women to death if they found the defendant not guilty. Id.
at 206. The evidence showed that the defendant had twice solicited his wife’s murder
and also solicited the murder of her attorney. Id. Although the Court noted that the
question was a “close one,” it held that the prosecutor’s argument “was not so
manifestly improper or prejudicial under the circumstances as to warrant reversal.”
Id. at 207 (emphasis added).
          The simple fact is that questions of whether an instruction to disregard would
have cured error are fact-intensive. These decisions, by their nature, must be based
on the facts of each particular case, and the en banc Court has appropriately given
deference to the panel’s judgment. Here, the argument was uniquely egregious in that
the State essentially urged the jury to ignore the rule of law, and the panel’s opinion
is sound.
Due Process
          The dissenting opinion also contends that the panel erroneously holds that the
error in this case was of constitutional magnitude.


 The panel opinion narrowly
holds:
Here, by urging the jury to consider matters not before them, and while
effectively acknowledging that to do so was a violation of their solemn
oath as jurors, the prosecutor’s remarks violated the Due Process Clause
of the Fourteenth Amendment and implicated the Confrontation Clause
of the Sixth Amendment.

The opinion specifically notes:
Although most jury argument error is non-constitutional, here, the
improper argument so infected the punishment phase of the trial with
unfairness as to constitute a violation of due process.

          In so holding, the panel opinion followed the precedent of both the United
States Supreme Court and the Texas Court of Criminal Appeals, which have
unequivocally stated that an “improper argument may present a Fourteenth
Amendment due process claim if the prosecutor’s argument so infected the trial with
unfairness” as to make the result “a denial of due process.” Miller v. State, 741
S.W.2d 382, 391 (Tex. Crim App. 1987) (citing Darden v. Wainwright, 477 U.S. 168,
181, 106 S. Ct. 2464, 2471 (1986)).
          Here, the improper argument invited speculation as to a “very important”
matter which would, if known, support the maximum punishment. The argument left
to the imagination of each juror whatever extraneous matters he or she each may have
needed to support their assessment of the maximum sentence. The prosecutor
compounded the problem by asking the jury to ignore the rule of law and “[t]rust me
on this.” The panel, therefore, concludes that the improper argument so infected the
punishment phase of the trial with unfairness as to constitute a violation of due
process.
Conclusion
          The bottom line is that the panel opinion does not in any way deviate from
precedent of this Court, and its limited holding in regard to the uniquely egregious
argument in this case does not amount to an “extraordinary circumstance” which
“requires” en banc consideration.
          Courts are most vulnerable and come nearest to illegitimacy when they deal
with judge-made law having little or no cognizable roots in established precedent or
the language and design of constitutional law. Here, the panel opinion objectively 
follows the rule of law. Even if other members of this Court disagree with the panel’s
decision, it was the panel’s decision to make. Thus, I concur in the denial of en banc
consideration in this case.





                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Price.




En banc consideration was requested. Tex. R. App. P. 41.2(c).

A majority of the Court voted against en banc consideration of the panel’s decision. 
 
Justice Jennings concurring in the denial of en banc consideration.

Justice Taft, joined by Justice Nuchia, dissenting from the denial of en banc
consideration.

Justice Mirabal not participating.

Publish. Tex. R. App. P. 47.